FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 29, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE ROBLES-RINCON,<br><br>Defendant. | No.   2:20-cr-00155-SMJ-1<br><br>**ORDER DENYING DEFENDANT'S FIRST MOTION TO DISMISS** |

Before the Court is Defendant's First Motion to Dismiss, ECF No. 39. Defendant argues that the immigration courts that handled two of his previous removals did not have subject matter jurisdiction. This argument is clearly foreclosed by Ninth Circuit precedent. *See United States v. Bastide-Hernandez*, 3 F.4th 1193, 1196 (9th Cir. 2021). The Court thus denies the motion.

### BACKGROUND

In December 2012, immigration officials encountered Defendant in local custody on a DUI charge. ECF No. 40-3 at 2. An immigration officer conducted an interview with Defendant at the jail. ECF No. 40-1 at 1. The officer asked if he wanted to sign deportation papers so that he would not be held as long in immigration detention. *Id*. Defendant refused and stated that he wanted to see a judge

ORDER DENYING DEFENDANT'S FIRST MOTION TO DISMISS – 1

1  to ask for voluntary departure or a work permit. *Id.* Defendant was convicted of the
2  DUI charge. ECF No. 10 at 2. Two days later, on December 26, 2013, he was taken
3  into immigration custody in Tacoma, Washington. ECF No. 40-5.

4  Immigration authorities served him with a Notice to Appear ("NTA") to
5  initiate formal removal proceedings before an immigration judge. ECF No. 40-4.
6  The NTA directed Defendant to appear for a removal hearing on a date and time "to
7  be set." *Id*. It states that Defendant was "provided oral notice in the Spanish / English
8  language of the time and place of his . . . hearing," even though it apparently had not
9  yet been scheduled. *Id*.

10  Defendant appeared before an immigration judge on February 12, 2013. ECF
11  No. 40-7. The IJ first spoke to all the noncitizen respondents as a group, saying that
12  the hearing was to determine whether they were removable from the United States.
13  Defendant's individual hearing lasted about four minutes. *Id.* Defendant did not
14  request more time to get an attorney, admitted to the allegations in the NTA, and
15  did not claim any fear of returning to Mexico. *Id.*

16  The written removal order notes that Defendant applied for voluntary
17  departure but the application was denied, and he was ordered removed to Mexico.
18  ECF No. 40-6. It also notes that he waived his appeal. *Id*. He was removed to
19  Mexico about a week later. ECF No. 40 at 8.
20  //

ORDER DENYING DEFENDANT'S FIRST MOTION TO DISMISS – 2

## DISCUSSION

Defendant argues that because the NTAs provided to him before his Second and Third Removals did not list the time and place of his removal hearing, subject matter jurisdiction never vested with the immigration court. ECF No. 39 at 1. This argument was foreclosed by the Ninth Circuit in *Bastide-Hernandez*.

Defendant contends that a recent Supreme Court case supersedes *Bastide-Hernandez* and requires this Court to reach a different result. ECF No. 39 at 6 (citing *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021)). This Court disagrees. *Bastide-Hernandez* and *Niz-Chavez* are not "clearly irreconcilable," so this Court must follow the directive of the Ninth Circuit. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (Circuit precedent is overruled where "intervening Supreme Court authority is clearly irreconcilable"); *see also United States v. Sanchez*, 853 F. App'x 201, 202–03 (holding *Niz-Chavez* is not clearly irreconcilable with *Bastide-Hernandez* and *Karingithi* on this issue).

On April 29, 2021, the Supreme Court issued its decision in *Niz-Chavez*, holding that Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA)'s definition of "a" notice to appear required that the government furnish a *single* compliant document in order to invoke the stop-time rule.[1] Often,—like in

---

[1] Originally, a noncitizen continued to accrue time toward the presence requirement during removal proceedings. The IIRIRA responded to concerns that this could

this case—the government will issue an initial "Notice to Appear" which does not include a time or location of a hearing, and then will supplement that initial document with "piecemeal" additional documents or verbal dissemination of information. *See Niz-Chavez*, 141 S. Ct. at 1479. The majority analyzed the text of the statute, emphasizing that it frequently referred to "a" notice to appear, which, by its plain meaning, refers to a single document.

On July 12, 2021, the Ninth Circuit issued its amended opinion in *Bastide-Hernandez*.[2] The Ninth Circuit held that when a Notice to Appear is filed, jurisdiction vests with the immigration court, regardless of its compliance. *Bastide-Hernandez*, 3 F.4th at 1196 ("[T]he jurisdiction of the immigration court vests upon the filing of an NTA, even one that does not at that time inform the alien of the time, date, and location of the hearing. If this were not the case, upon the filing of an NTA jurisdiction would vest, but then would unvest if the NTA lacked required time, date, and location information, only to once again revest if a subsequent curative NOH provided that missing information. Jurisdiction is not so malleable.

---

encourage noncitizens to delay proceedings by creating the stop time rule, which deems that time stops accruing toward the presence requirement "when the alien is served a notice to appear." *See Niz-Chavez*, 141 S. Ct. at 1478–79 (quoting 8 U.S.C. § 1229b(d)(1)).

[2] The initial opinion was issued on February 2, 2021, before *Niz-Chavez* was decided. *United States v. Bastide-Hernandez*, 986 F.3d 1245 (9th Cir. 2021). Bastide Hernandez moved for a rehearing, and both parties filed additional briefing regarding the new case law. The amended opinion does not mention *Niz-Chavez*.

ORDER DENYING DEFENDANT'S FIRST MOTION TO DISMISS – 4

Jurisdiction, for all its subtle complexities, is not ephemeral. It either exists or it does not.").

Unlike *Niz-Chavez*, which focuses on interpretation of the statute, *Bastide-Hernandez* looks to the regulations to determine when jurisdiction vests. 8 C.F.R. § 1003.14(a) states that "[j]urisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service." A "charging document" is "the written instrument which initiates a proceeding before an Immigration Judge. . . . [including] a Notice to Appear." 8 C.F.R. § 1003.13. Both the statute and the regulations use the article "a" to quantify "notice to appear." *See* 8 C.F.R. § 1003.13; 8 U.S.C. § 1229. Neither Section 1003.13 nor 1003.14 reference the statute, much less the statute's definition of "Notice to Appear."

*Niz-Chavez* interprets the statute. *Bastide-Hernandez* interprets the regulations. *Niz-Chavez* does not mention the word "jurisdiction." *Bastide-Hernandez* analyzes jurisdiction specifically. A rule is jurisdictional only "[i]f the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional." *Gonzalez v. Thaler*, 565 U.S. 134, 141–42 (2012) (alteration in original) (internal quotation omitted). The Ninth Circuit implicitly rejected Defendant's argument that the NTA requirements in the IIRIRA were jurisdictional. It chose to amend its opinion after receiving supplemental briefing but did not

ORDER DENYING DEFENDANT'S FIRST MOTION TO DISMISS – 5

change that portion of its opinion. The Ninth Circuit clearly interpreted *Niz-Chavez* more narrowly than would Defendant. Whether the Ninth Circuit would limit *Niz-Chavez* to the stop-time rule or construe it more broadly is immaterial; what matters is that the Ninth Circuit would hold that the stricter interpretation of "a" Notice to Appear does not directly apply to the regulation regarding jurisdiction and does not prevent jurisdiction from vesting with the immigration court in cases such as this, where an NTA does not contain all the required information.

Defendant asks this Court to look to the regulations to determine jurisdiction, and that is exactly what the Court should do. *See* ECF No. 39 at 12 (citing *Karingithi v. Whitaker*, 913 F.3d 1158, 1160 (9th Cir. 2019) ("the regulations, not § 1229(a), define when jurisdiction vests."). Taking the regulations at face value, they allow jurisdiction to vest as soon as "a" Notice to Appear is filed, not when a *compliant* Notice to Appear is filed. *See* 8 C.F.R. §§ 1003.13, 1003.14.

*Bastide-Hernandez* can be reconciled with *Niz-Chavez*. This Court thus *must* find that the immigration court had jurisdiction and deny the motion to dismiss. As both parties admit, *Bastide-Hernandez* is directly on point. Because Defendant was issued NTAs for both removals, there was jurisdiction.

//

//

//

ORDER DENYING DEFENDANT'S FIRST MOTION TO DISMISS – 6

//

//

Accordingly, **IT IS HEREBY ORDERED**:

Defendant's First Motion to Dismiss, **ECF No. 39**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this 29th day of October 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING DEFENDANT'S FIRST MOTION TO DISMISS – 7